UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANTONIO ARIAS** | : | **DOCKET NO. 21-CV-01050** |
| **REG. # 60215-066** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **A. WHITE** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the original and amended civil rights complaints [docs. 1, 8] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., by plaintiff Antonio Arias, who is proceeding pro se and in forma pauperis in this matter. Arias is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Pollock, Louisiana, but his claims arise out of incidents that occurred while at the Federal Correctional Institute in Oakdale, Louisiana ("FCI-Oakdale").

For reasons stated below, **IT IS RECOMMENDED** all claims against defendant A White be **DISMISSED**.

**I.**
**BACKGROUND**

Arias originally brought his claims against A. White, alleging that White, FCIO Unit Manager, dismissed his requests for a transfer to a different cell due to the fact that he is a Latino. He asserts that White would entertain transfer requests from black and white inmates but discriminated against him because of his ethnicity.

On May 25, 2021, Plaintiff was ordered to amend his claim to name the proper defendant. Doc. 6.  On June 22, 2021, plaintiff filed an amended complaint adding the United States of America as a named defendant.  Doc. 8.  Plaintiff did not dismiss the claims against White.  *Id*.

## II.
### LAW & ANALYSIS

### A.  *Frivolity Review*

Arias has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  *FTCA*

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

employment." Id. at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his tort claims directly against the United States, rather than the individual government actor. *See Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit).

Here, Plaintiff named A. White, Unit Manager at FCIO, as a defendant.  He is not a proper defendant to a FTCA claim. *See Galvin v. Occupational Safety & Health Admin*., 860 F.2d 181, 183 (5th Cir. 1988).    Accordingly, all claims against defendant A. White, Unit Manager at FCIO, should be dismissed.[1]

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that all claims against A. White be **DISMSSED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

---

[1] Claims against the United States are addressed in a separate order.

THUS DONE AND SIGNED in Chambers this 2nd day of November, 2021.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE