UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANTONIO ARIAS** | **:** | **DOCKET NO. 21-CV-01050** |
| REG. # 60215-066 | | **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **A. WHITE, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court are cross-Motions for Summary Judgment filed by the defendant, the United States of America (doc. 18), and the plaintiff (doc. 20), Antonio Arias. The motions for summary judgment have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For reasons stated below **IT IS RECOMMENDED** that the Plaintiff's Motion for Summary Judgment (doc. 20) be **DENIED**, the Defendant's Motion for Summary Judgment (doc. 18) be **GRANTED** and that claims against the United States of America be **DISMISSED WITH PREJUDICE.**

**I.**
**BACKGROUND**

Arias is an inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at FCI- Pollock Medium, but his complaint concerns events that occurred while he was incarcerated at FCI-Oakdale (FCIO). Arias was initially transferred to FCIO on August 9, 2019. *See* doc. 18, att. 4, Government Exhibit 1, Declaration of Kaci Maxey. He was placed in the Special Housing Unit ("SHU") at FCIO on October 28, 2019. *Id.*; *see also* doc. 18, att. 5,

Government Exhibit 2, Declaration of Juliana Reese-Colson, and attached disciplinary history printout. Arias was initially released from the SHU on November 5, 2019, but assigned back to the SHU on that same date, within two hours of his initial release. *Id*. Arias concedes that he was sent back to the SHU because refused to go back to his assigned unit. *Id.*; *see also* doc. 20, att. 1, p. 3. He remained in the SHU until he was transferred out of FCIO on August 20, 2020. *Id*. Plaintiff refused to go back to his housing assignment on several different occasions, as noted on his disciplinary history. Doc. 18, att. 5.

The crux of Plaintiff's suit presently before this Court is the allegation that he was denied requests for different housing assignments because of his status as an "immigrant latino." Doc. 20, att. 1, p. 4.

## II.
### LEGAL STANDARDS

*A. Summary Judgment*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the

adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

### B. FTCA

The FTCA partially abrogates the federal government's sovereign immunity by allowing the government to be sued for torts committed by "any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The government retains immunity, however, against "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Id*. § 2680(a). A plaintiff bears the burden of establishing the FTCA's requirements are met, but "the Government has the burden of proving the applicability of the discretionary function exception." *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 333 (3d Cir. 2012).

"As a threshold matter, before determining whether the discretionary function exception applies, a court must identify the conduct at issue." *Id*. at 332. Next, the court must determine: (1) whether the challenged conduct involves "an element of judgment or choice," rather than being prescribed by a federal statute, regulation, or policy; and (2) if so, "whether that judgment is of the kind that the discretionary function exception was designed to shield," meaning "governmental

actions and decisions based on considerations of public policy." *United States v. Gaubert*, 111 S.Ct. 1267, 1273-74 (1991) (quoting *Berkovitz v. United States*, 108 S.Ct. 1954, 1958 (1988)).

## III.
### ANALYSIS

As the Government points out, plaintiff cites no policy mandating his placement in a particular cell or cell block. *See Edwards v. United States*, 660 Fed. App'x 799, 802 (11th Cir. 2016) ("BOP retains discretion over how bed space is assigned among inmates in its facilities"); *Wilson v. United States*, No. 213-83, 2014 WL 1379963, at *3 (S.D. Ga. Apr. 7, 2014) (bunk placement "is the type of action for which the BOP has wide discretion"); *Harper v. United States*, No. 5:08-403, 2009 WL 3190377, at *4 (E.D. Ky. Sept. 30, 2009) ("cell assignments are made in the reasoned discretion of the Unit Team"); *Paulino-Duarte v. United States*, No. 2-9499, 2003 WL 22533401, at *2 (S.D.N.Y. Nov. 7, 2003) ("deciding which inmates get which bunks is clearly discretionary"); see also *Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998) (even if federal statute "imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception"). Prison cell assignment decisions implicate the sort of public policy considerations the discretionary function exception is intended to shield. *See Bultema v. United States*, 359 F.3d 379, 384 (6th Cir. 2004) (bunk pass and bed rail decisions "both involve the type of across-the-board policy-making judgment that the discretionary function exception was meant to leave to federal administrators, in this case prison administrators"); *Edwards*, 660 Fed. App'x at 802; *Wilson*, 2014 WL 1379963, at *3; *Harper*, 2009 WL 3190377, at *4; *Paulino-Duarte*, 2003 WL 22533401, at *2; see also *Bell v. Wolfish*, 99 S.Ct. 1861, 1878 (1979) (prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain

institutional security"); *Cohen*, 151 F.3d at 1344 ("second-guessing of the BOP's discretionary decisions is the type of thing avoided by the discretionary function exception, which is designed to 'prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort'") (quoting *Gaubert,* 111 S.Ct. 1273). The Government argues, and this court agrees, that a decision about cell assignment is analogous to the analyses by the courts discussed above.

Moreover, even assuming criteria or policies exist regarding cell assignment, they would not render BOP's decision nondiscretionary. *See Cohen*, 151 F.3d at 1343 (statutory provisions governing BOP prisoner classifications "give the BOP ample room for judgment by listing a non-exhaustive set of factors for the BOP to consider and leaving to the BOP what weight to assign to any particular factor"). Judicial interference in BOP cell, bunk, or unit assignments is the type of activity the discretionary function exception was designed to address. Plaintiff has not met his burden of persuasion regarding the existence of subject matter jurisdiction. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000); *see also Wilson*, 2014 WL 1379963, at *1 (adopting Report and Recommendation granting motion to dismiss because plaintiff "fail[ed] to show that there was a policy in place at FCI-Jessup regarding lower bunk profiles which mandated compliance").

As discussed above, decisions regarding housing are discretionary and, as such, are exceptions to the FTCA. As a result, this Court should deny the Plaintiff's Motion for Summary Judgment. (doc. 20) and grant Defendant's Unopposed Motion for Summary Judgment (doc. 18), dismissing this matter based on a lack of subject matter jurisdiction.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Plaintiff's Motion for Summary Judgment (doc. 20) be **DENIED.**

**IT IS FURTHER RECOMMENDED** the Defendant's Motion for Summary Judgment (doc. 18) be **GRANTED** and that this suit be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 23rd day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE